CONCURRING OPINION BY JUDGE GREEN
Green, Judge,
concurring:
I concur in the result of the foregoing opinion but I think the case in one respect involves a new question.
The twelfth paragraph of the contract contained a provision to the effect that if the contractor considered he ivas entitled to an extension of time he must submit an application for such extension stating the cause, and that his failure or neglect so to do within thirty days after the happening of the cause “ shall be deemed and construed as a waiver of all claim and right to an extension of time for the completion of the work on account of the alleged delay, and the contractor agrees to accept the finding and action of the Navy Department, Bureau of Yards and Docks, in the premises as conclusive and binding.” Under this provision, was the contractor relieved from a failure to present an application for extension of time within the prescribed period by a decision of the Bureau of Yards and Docks granting the extension?
On this point numerous cases have been cited by the respective counsel and reference made to many of them in the majority opinion. I am unable to find any which seem to me to directly decide the question herein involved under the provisions of the contract quoted above, although I think an inference may be drawn in favor of the plaintiffs from the language used in some of the opinions.
The cases are too numerous to list and analyze, but after a careful examination of them I find either—
That the contract upon which suit was based did not contain the provision, “ the oontraotor [italics mine] agrees to accept the finding and action of the Navy Department, Bureau of Yards and Docks ” (or some specified officer or tribunal) with reference to the right to an extension of time; or
It contained a general provision to the effect that if any doubt or dispute arose as to the meaning or requirements of *131 the contract, the matter should be referred to a certain party and his decision thereon should be final; or
The question in the case was not whether the defendant was bound by the decision of the party to whom the right of extension of time was referred under the contract, but whether the plaintiff was bound thereby.
Unfortunately in many of the decisions of this court which are cited, the language used in the contract is not set out either in the opinion or the findings, except by a reference thereto in the latter. This court, however, as stated in the majority opinion, has explicitly laid down a rule, to the effect that where the contract contains a general provision that the decision of an engineer or other officer of all or specified matters of a dispute which may arise during the execution of the work shall be final and conclusive, it applies to both parties in the absence of fraud or mistake so gross as to imply bad faith. A leading case is Brinck v. United States, 53 C.Cls. 170, which has been cited in other decisions of this court since rendered and is referred to in the majority opinion. It will be observed, however, that the provision to which this rule applies is not contained in the contract in suit, nor was there any other general provision to the same effect. There is no doubt that in the instant case the contractor was bound by the decision of the Bureau of Yards and Docks with reference to extension of time. But the question is, Was the decision so made also binding upon the defendant notwithstanding plaintiffs had (in some instances) failed to make application for the extension within the required time? The defendant contends that when the contractor failed to make the application for extension of time within the specified period, the Bureau of Yards and Docks had no right or authority to grant an extension and the contractor became liable for liquidated damages on account of not having completed the contract within the time originally specified. A proper construction of the contract will, in my opinion, show that this position is not well taken. When the defendant agreed "that disputed matters should be submitted to one of its own agencies and this decision should be final and conclusive upon the contractor, I think it was understood that having in effect placed its own con *132 struction on the contract the defendant would also abide by that construction. However this may be, it is a general rule that a provision with reference to the time of presenting a claim or request for extension of time may be waived. Counsel for defendant cite authorities to show that Government officials may not relieve parties from liability to the Government accruing under contracts, but I think this is a different matter. In Maryland Steel Co. v. United States, 235 U.S. 451, it was held that a quartermaster general with whom the contract was made on behalf of the Government had authority to waive the time limit for the performance of the contract. When the Bureau of Yards and Docks received the plaintiffs’ request for extension of time, considered and passed u]doii it favorably, this was a waiver of the provision with reference to the period within which such request could be presented, and the bureau, being authorized by the contract to determine such resquests, was authorized to waive the objection that the request had not been presented within the time specified therein.